THOMAS STOCKTON'S Adm'r. d. b., plaintiff in error *vs.* WILLIAM GUTHRIE, plaintiff below.

Interest is recoverable for arrears of rent payable in money, on a day certain, though the letting be by parol from year to year.

WRIT OF ERROR to the Superior Court in and for New Castle county.

Heard at the June term, 1849, before Booth, Chief Justice, Milligan and James A. Bayard, Judge ad litem, (the Chancellor being disqualified.)

The point appears in the following judgment of the court, drawn by Mr. Bayard, the Judge ad litem.

This case comes before the court on a case stated, in which the form of action does not appear by the record. That, however, is immaterial, as either debt or assumpsit might be maintained on the facts stated, and the result would be the same, though the form of judgment would be different.

The simple question which controls the case is, whether interest is recoverable of right for arrears of rent accruing under a lease from year to year, payable in money, on a day certain, where the original letting was by a verbal contract? It is deemed unnecessary to enter into any investigation of the law of interest, as it exists in England, or the extent to which the rulings of the English courts, (inconsistent as they certainly are,) have been adopted in this State.

It is sufficient to determine that in this State, whenever a sum certain is payable by contract, on a day certain, interest is recoverable of right against the party in default; and this whether the contract be under seal in writing, or merely verbal. The interest is allowed as a legal incident to the principal sum existing from the default in the non performance of his contract by the debtor, wherever there is a certainty in the sum to be paid and the time of payment; nor can any sufficient reason be given for a distinction in the allowance of interest, between contracts for the payment of money under seal, or in writing, and verbal contracts.

The interest being valid, the breach is as injurious to the creditor in the one case as the other, and the exact character of the act or duty to be performed, as fully ascertained in the one case as the

other, and the consequences of default should, therefore be the same.

There would seem to be but one exception to this rule, and that is, where interest becomes due on a principal sum on a day certain; yet interest on the interest so in arrear, is not recoverable. This exception is founded on the statute which prohibits the taking of more than a certain rate of interest for the use or loan of money; and until the interest in arrear is severed from the principal sum by the agreement of the parties, it has been held that it cannot be treated as a new loan. Arrears of rent, however, have no analogy to arrears of interest, and fall neither within the words or intent of the statute. In the case of lands, whether the fee or life estate be parted with, there can be in reason no difference in the right to interest on the sum payable for the estate acquired by the vendee or tenant, provided it is payable in money on a day certain, and no question could be made as to the right of the vendor to recover interest on the unpaid purchase money of lands sold in fee, from the time it became payable, whether there was an express stipulation for the payment of interest or not.

Nor can any difference or distinction as to the right of interest arise from the fact, that no greater estate at law in lands can, in Delaware, be granted than for one year, except by deed; for the estate acquired by the tenant from year to year, holding under a verbal contract, for a sum certain, is just as valid as that acquired by the lessee for a term of years, or a vendee in fee, under a demise or conveyance by deed. The tenant equally with the lessee for years, or the vendee, acquires the estate for which he is to pay by a contract ascertaining, and fixing the sum to be paid, and the day of payment, and in default in payment, interest should equally follow as of right in either case.

It may be further observed, that the allowance of interest is in general a rule of practice. (In re *Badger*, 2 *Barn. & Ald.*, 691, and *Windle* vs. *Andrews; Ibid*, 696.) And in this State, the practice of allowing interest on arrears of rent, has been uniform and settled.

I am, therefore, of opinion, that the judgment of the Superior Court should be affirmed, with costs. This opinion is not intended to include the case of arrears of rent paid and received *as rent*, and a subsequent claim made for interest on the arrears so paid and received. In the case before us, by the statement of facts, it appears that the payments were made generally on account, and in

the absence of any specific appropriation by the debtor at the time of payment, as interest was due of right, the law appropriates the payments first to the interest, and the balance to the principal sum.

Judgment below affirmed.